UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 19-CV- 21977

JUAN PABLO ESCOBAR CASTRO,

    Plaintiff,

vs.

CHONTALES CONSTRUCTION INC and
LUIS LOPEZ,

    Defendants.
_____/

## **COMPLAINT**

Plaintiff, Juan Pablo Escobar Castro, sues Defendants, Chontales Construction Inc and Luis Lopez, as follows:

### *Parties, Jurisdiction, and Venue*

1. **Plaintiff, Juan Pablo Escobar Castro**, is a *sui juris* resident of Miami-Dade County, Florida, who is over 18 years old.

2. Plaintiff was an employee of Defendants as the term "employee" is defined under Florida law.

3. Plaintiff consents to participate in this lawsuit.

4. **Defendant, Chontales Construction Inc**, is a for-profit Florida corporation that is *sui juris* and has operated its business here, in Miami-Dade County, Florida, at all times material.

5. **Defendant, Luis Lopez**, was and is an owner, manager, and operator of the corporate Defendant for the relevant time period. Defendant Lopez ran its day-to-day

1

operations, had supervisory authority over Plaintiff, and was partially or totally responsible for paying Plaintiff's wages.

6. Defendants were Plaintiff's direct employers, joint employers and co-employers, as that term "employer" is defined by 29 U.S.C. §203 (d). All Defendants employed Plaintiff.

7. This Court has jurisdiction over Plaintiff's FLSA claims and pendent/supplemental jurisdiction over Plaintiff's related state law claim(s).

8. Venue is proper in this Court pursuant because Defendants transact business in Miami-Dade County, they maintain their office and principal place of business and/or live in Miami-Dade County, and also because Defendants employed Plaintiff in Miami-Dade County, with most of the actions complained of occurring within this County.

### *Common Background Factual Allegations*

9. Defendants regularly employed two or more employees for the relevant time period that handled goods or materials that travelled through interstate commerce, or used instrumentalities of interstate commerce, thus making Defendants' business an enterprise covered under the Fair Labor Standards Act.

10. In particular, Defendants own and operate a company that performs construction-related services in Miami-Dade County.

11. Defendants have been at all times material engaged in interstate commerce in the course of their provision of construction, stucco, finishing, and related services which, traditionally, cannot be performed without using goods, materials, supplies, and equipment that have all moved through interstate commerce.

12. Furthermore, Defendants obtain, exchange, and send/receive funds to and from outside of the State of Florida, use telephonic transmissions going outside of the State of Florida to conduct business, and transmit electronic information through computers, the internet, via email, and otherwise outside of the State of Florida.

13. Defendants' annual gross revenues derived from this interstate commerce are believed to be in excess of $500,000.00 for the relevant time period.

14. Plaintiff worked for Defendants from October 2018 to March 26, 2019.

15. To the extent that records exist regarding the exact dates of Plaintiff's employment exist, such records are Defendants' exclusive custody.

16. Plaintiff's work for Defendants was actually in or so closely related to the movement of commerce while he worked for Defendants that the Fair Labor Standards Act applies to Plaintiff's work for Defendants.

17. Plaintiff regularly and recurrently received plaster/stucco and exterior finish-related products that arrived from outside of the State of Florida and applied that finish material to exterior surfaces in the desired format/pattern.

18. Defendants agreed to pay Plaintiff at a rate of $220.00 per day.

19. Any/all conditions precedent to filing this lawsuit occurred and/or was satisfied by Plaintiff.

20. Plaintiff retained the undersigned counsel and agreed to pay a reasonable fee for all services rendered.

## COUNT I – FLSA MINIMUM WAGE VIOLATION

Plaintiff reincorporates and re-alleges all preceding paragraphs set forth fully herein and

further alleges as follows:

21. The FLSA, at 29 U.S.C. §218 and 29 C.F.R. §778.5, requires that all non-exempt employees be paid a wage that is at or greater than the applicable minimum wage established by any other law.

22. Defendants willfully and intentionally refused to pay Plaintiff even a minimum wage for all of days that he worked for them.

23. Defendants either knew from prior experience or recklessly failed to investigate whether their failure to pay Plaintiff at least a minimum wage for each the hours he worked during the relevant time period violated the FLSA, and then failed to timely correct their violation after having known and been put on notice of same.

24. Plaintiff is entitled to a backpay award of unpaid/underpaid minimum wages for all hours worked, plus an equal amount as a penalty, plus all attorneys' fees and costs.

WHEREFORE Plaintiff Juan Pablo Escobar Castro, demand the entry of a judgment in his favor and against Defendants, Chontales Construction Inc and Luis Lopez, jointly and severally, after trial by jury and as follows:

   a. That Plaintiff recover compensatory minimum wage damages and an equal amount of liquidated damages as provided under the law and in 29 U.S.C. § 216(b) – or interest on the unpaid wages if no liquidated damages are awarded;

   b. That Plaintiff recover pre-judgment interest on all unpaid minimum wages if the Court does not award liquidated damages;

   c. That Plaintiff recover an award of reasonable attorneys' fees, costs, and expenses pursuant to the FLSA;

4

    d. That Plaintiff recover all interest allowed by law;

    e. That Defendants be Ordered to make Plaintiff whole by providing appropriate minimum wage pay and other benefits wrongly denied in an amount to be shown at trial and other affirmative relief;

    f. That the Court declare Defendants to be in willful violation of the overtime provisions of the FLSA; and

    g. Such other and further relief as the Court deems just and proper.

### COUNT II – BREACH OF CONTRACT
**(Against Chontales Construction Inc)**

Plaintiff reincorporates and re-alleges paragraphs 1 through 20 as though set forth fully herein and further alleges as follows:

25. Plaintiff and Defendant, Chontales Construction Inc, verbally agreed that in exchange for Plaintiff expending time and effort on its behalf, it would compensate him at a rate of $220 per day.

26. Plaintiff performed under the parties' contract/agreement by performing work for Defendant as aforesaid from October 2018 through March 26, 2019.

27. Defendant, Chontales Construction Inc, breached its agreement with Plaintiff by failing to pay him at the rate of $220.00 for each day that he worked for Defendant, Chontales Construction Inc, by not paying him in full for each such day.

28. Defendant, Chontales Construction Inc, made a final payment in the amount of $720.00 towards the unpaid days worked, but Plaintiff remains due and owing $2,800.00 for the days he worked for Defendant in March 2019 thereby breaching the Contract.

7300 N. Kendall Drive, Suite 450, Miami, Florida 33156
tel 305.230.4884   fax 305.230.4844
*www.fairlawattorney.com*

29.     Plaintiff has been damaged in the amount of $2,800.00 as a result of Defendant's failure to pay him the agreed-upon money that he earned.

WHEREFORE Plaintiff, Juan Pablo Escobar Castro, demands that this Court enter a judgment in his favor and against Defendant, Chontales Construction Inc, for the $2,800.00 in wages owed to him, plus pre-judgment and post-judgment interest, costs and attorneys' incurred in this matter pursuant to Fla. Stat. §448.08, and to award such other and further relief as this Court deems just and proper.

## COUNT III – UNJUST ENRICHMENT
### (Against Chontales Construction Inc)

Plaintiff reincorporates and re-alleges paragraphs 1 through 20 as though set forth fully herein and further alleges as follows:

30.     Plaintiff provided labor and services for Defendant, Chontales Construction Inc, from October 2018 to March 26, 2019, and it received and accepted the benefits of the labor and services supplied by Plaintiff.

31.     Plaintiff expected to be paid a reasonable value for the labor and services he provided to and that he expended on behalf of Defendant, Chontales Construction Inc, from October 2018 to March 26, 2019.

32.     Defendant, Chontales Construction Inc, has been unjustly enriched in that it accepted the benefits of Plaintiff's labor and services from October 2018 to March 26, 2019but failed and refused to make payment to Plaintiff for all of such labor, services, and benefits it received from Plaintiff.

WHEREFORE Plaintiff, Juan Pablo Escobar Castro, demands the entry of a judgment in his favor and against Defendant, Chontales Construction Inc, for all damages suffered, plus pre-

judgment and post-judgment interest, costs and attorneys' incurred in this matter pursuant to Fla. Stat. §448.08, and to award such other and further relief as this Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury of all issues so triable.

Dated this 15th day of May 2019.

          Respectfully Submitted,

          s/Brian H. Pollock, Esq.
          Brian H. Pollock, Esq.
          Fla. Bar No. 174742
          brian@fairlawattorney.com
          FAIRLAW FIRM
          7300 N. Kendall Drive
          Suite 450
          Miami, FL 33156
          305.230.4884
          *Counsel for Plaintiff*